UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH CORNETTA,

                            Plaintiff,

v.                                                       **MEMORANDUM OPINION AND ORDER**

TOWN OF HIGHLANDS, et al.,                18-CV-12070 (PMH)

                            Defendants.
----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Joseph Cornetta ("Plaintiff") brings claims against the Town of Highlands, Chief of Police Frank Pierri (together, the "Town Defendants"), the Village of Highland Falls, Mayor Joseph D'Onofrio, Police Chief Kenneth Scott, and James DiSalvo (collectively, the "Village Defendants") for violations of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and Racketeer Influenced and Corrupt Organizations Act ("RICO").

      On May 10, 2019, the Village Defendants moved to dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Judge Karas, who presided over this case prior to its reassignment to this Court, granted the motion in an Opinion and Order dated January 22, 2020 (the "Prior Order").[1] (Doc. 25, "Prior Ord."). The Court also granted Plaintiff leave to replead and file a Second Amended Complaint within thirty days of the date of the Prior Order to correct the deficiencies identified therein. (*Id.* at 27).

---

[1] The Prior Order is available on commercial databases. *See Cornetta v. Town of Highlands*, 434 F. Supp. 3d 171 (S.D.N.Y. 2020). However, for ease of reference, the Court cites herein the copy of the Prior Order filed on the docket.

Plaintiff filed a Second Amended Complaint on April 10, 2020.[2] (Doc. 32). On May 26, 2020, after the exchange of the first set of pre-motion letters required by the Court's Individual Practices, Plaintiff requested leave to file a Third Amended Complaint. (Doc. 35). The Court granted that request, granted the Village Defendants leave to move to dismiss, and set a briefing schedule for the motion. (*See* July 13, 2020 Min. Entry).

Plaintiff filed a Third Amended Complaint on July 13, 2020. (Doc. 40, "TAC"). Thereafter, by motion dated September 1, 2020, the Village Defendants moved to dismiss that pleading (Doc. 41; Doc. 42 "Def. Br."), and on October 1, 2020, Plaintiff served his opposition (Doc. 44, "Pl. Br."). The Village Defendants' motion was briefed fully with the filing of their reply brief. (Doc. 43, "Reply"). The Town Defendants have not filed an answer or otherwise responded to the Third Amended Complaint.[3]

For the reasons set forth below, the Village Defendants' motion is GRANTED IN PART.

The Court assumes familiarity with the factual allegations as laid out in the Prior Order and incorporates any additional factual allegations where appropriate *infra*.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the ple[d] factual

---

[2] Plaintiff attempted to file the Second Amended Complaint on February 21, 2020, but due to a technical deficiency, the Clerk's Office rejected that filing. The Second Amended Complaint was filed properly on April 10, 2020 after Judge Karas permitted Plaintiff to re-file it. (Docs. 28, 31).

[3] The Town Defendants also failed to appear at the conferences before the Court on June 11, 2020 and July 13, 2020. (*See* June 11, 2020 Min. Entry; July 13, 2020 Min. Entry).

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

The Court analyzes herein whether Plaintiff has sufficiently corrected the deficiencies outlined in the Prior Order to his claims under RICO, the ADA, and the NYSHRL. For the reasons set forth below, the Court finds that Plaintiff has mostly failed to do so. Many of the same deficiencies highlighted in the Prior Order persist in the Third Amended Complaint as set forth below.

### I.   Fifth Claim for Relief: The RICO Claim

The Prior Order dismissed the civil RICO claims in their entirety because Plaintiff "failed to plausibly allege that the alleged racketeering activity injured *his* business or property interests."

3

(Prior Ord. at 14 (emphasis in original)). RICO, in the civil context, allows only a plaintiff who is "injured in his business or property by reason of a [RICO] violation" to sue in court and potentially receive up to treble damages to compensate for the injuries. 18 U.S.C. § 1964(c). Because Plaintiff had not "explained how the injury alleged—Plaintiff's termination from Village duties and virtual termination from Town duties—was caused by Village Defendants' alleged bribery and kickback scheme" (Prior Ord. at 17 (quoting *Donelli v. County of Sullivan*, No. 07-CV-02157, 2009 WL 2365551, at *9 (S.D.N.Y. July 31, 2009) (cleaned up))),[4] and the only plausible connection alleged was that Plaintiff was terminated because of his whistleblowing, Plaintiff's RICO claims could not survive. (*Id*. at 16-18).

Plaintiff attempts to remedy this deficiency by describing an April 17, 2020 report to New York State Criminal Justice Services that labeled his termination as one for "incompetence or misconduct" (TAC ¶¶ 68) and resulted in the loss of his police officer certification (*id*. ¶¶ 67-73). Plaintiff also adds two paragraphs in a new section in the Third Amended Complaint labeled: "The alleged injuries to business or property." (*Id*. ¶¶ 149-150). The thrust of these new allegations is that Plaintiff was terminated from his employment for opposing RICO activities, lost his certification, and therefore lost future employment in law enforcement. (*Id*.). Plaintiff explains, in opposition to this motion, that he cannot be hired in law enforcement due to his loss of certification and that "the loss of Plaintiff's business or property, the loss of Plaintiff's ability to earn a living in his chosen profession over 30 years is 'actual, definite pecuniary loss' . . . directly related to the

---

[4] Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143, 154 (2017) (The parenthetical "(cleaned up)" signifies that the author "has removed extraneous, non-substantive material like brackets, quotation marks, ellipses, footnote reference numbers, and internal citations; may have changed capitalization without using brackets to indicate that change; and affirmatively represents that the alterations were made solely to enhance readability and that the quotation otherwise faithfully reproduces the quoted text."); *see also Brownback v. King*, 141 S. Ct. 740, 748 (2021) (adopting Mr. Metzler's "(cleaned up)" solution); *Baker v. City of New York*, No. 19-CV-08141, 2021 WL 3781930, at *5 (S.D.N.Y. July 28, 2021) (same).

fraudulent report filed by Defendants." (Pl. Br. at 3). Substantively, Plaintiff has not added any allegations beyond the lost professional opportunities and economic consequences flowing therefrom as his injuries, which is insufficient to establish standing for civil RICO claims. *See Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170-71 (S.D.N.Y. 2019). Indeed, the revocation of Plaintiff's certification and alleged loss of future business do not constitute pecuniary injuries to business or property under RICO. *See Alphas Co. of New York Inc. v. Hunts Point Terminal Produce Coop., Inc.*, No. 14-CV-00145, 2017 WL 1929506, at *4 (S.D.N.Y. May 9, 2017). Accordingly, Plaintiff's Third Amended Complaint, like his First Amended Complaint, fails to sufficiently allege civil RICO standing and his Fifth Claim for Relief, the RICO claim, is therefore dismissed as against the Village Defendants.

II.   ADA and NYSHRL Claims

A.   Individual Liability on the First and Second Claims for Relief

Plaintiff in the Third Amended Complaint, like the First Amended Complaint, asserts ADA claims against individuals. The Prior Order dismissed Plaintiff's ADA claims asserted against the individual Village Defendants Mayor Joseph D'Onofrio, Police Chief Kenneth Scott, and James DiSalvo because, "as a matter of law, individuals may not be held liable under the ADA." (Prior Ord. at 21-22). Defendants argue for the dismissal of these claims in the Third Amended Complaint for the same reason. (Def. Br. at 13-14). Plaintiff, in opposition, failed to respond to this argument, effectively conceding it; the claims are therefore deemed abandoned. *See Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020); *30 Clinton Place Owners Inc. v. City of New Rochelle*, No. 13-CV-03793, 2014 WL 890482, at *1 n.1 (S.D.N.Y. Feb. 27, 2014). Even if that were not the case, the claims must be dismissed because the ADA does not provide for individual liability. *See Cerrato v. Durham*, 941 F. Supp. 388, 395 (S.D.N.Y. 1996) (citing

5

*Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995)). Consequently, Plaintiff's First and Second Claims for Relief for ADA violations as alleged against Mayor Joseph D'Onofrio, Police Chief Kenneth Scott, and James DiSalvo are dismissed.

### B. First and Third Claims for Relief: Failure to Accommodate Basis

The Village Defendants argue that to the extent Plaintiff alleges violations of the ADA and NYSHRL based upon the Village Defendants' failure to accommodate Plaintiff's disability,[5] Plaintiff does not plausibly allege that they were aware of his disability, that he made any request for accommodation, or that that the Village Defendants refused to make accommodations allowing Plaintiff to perform his job. (Def. Br. at 11).

To state a claim under the ADA or the NYSHRL for failure to accommodate, a plaintiff must allege facts showing that: "(1) he is a person with a disability under the meaning of the ADA or the NYSHRL; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Berger v. New York City Police Dep't*, 304 F. Supp. 3d 360, 368-69 (S.D.N.Y. 2018) (internal quotation marks and brackets omitted).

The Village Defendants argue that Plaintiff's claims fail to plausibly allege the second and fourth prongs. (Def. Br. at 10-11). The Court agrees. The only allegation that any of the Defendants were aware of Plaintiff's disability is Plaintiff's allegation that he lodged a complaint with Chief of Police Frank Pierri, one of the Town Defendants, who also refused to discuss Plaintiff's return to work. (TAC ¶¶ 56-57). Plaintiff does not make any allegation that he requested an

---

[5] Plaintiff's First and Third Claims for Relief allege two separate theories of disability discrimination under the ADA and NYSHRL: disparate treatment and failure to accommodate. *See, e.g.*, *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71-73 (2d Cir. 2019). The Village Defendants only move to dismiss the failure to accommodate claims.

6

accommodation at all, much less that he requested it of the Village Defendants. He suggests that clerical positions were available (*id*. ¶ 57), but he does not allege that he requested a clerical job or that such a placement is an accommodation that would allow him to perform his job as Detective. Plaintiff's opposition fortifies these shortcomings, as he maintains simply that the Town Defendants were on notice of his disability, that the Town Defendants refused to permit him to return to work, and the Town Defendants had made possible clerical jobs available to him. (Pl. Br. at 5-6). As such, Plaintiff's failure to accommodate claims under the ADA and NYSHRL are dismissed as against the Village Defendants.

### C. First and Third Claims for Relief: Hostile Work Environment

The Prior Order concluded that Plaintiff failed to allege facts suggesting that the "Village Defendants created a hostile work environment *because* of Plaintiff's purported disability." (Prior Ord. at 24 (emphasis in original)). Plaintiff has not added any substantive factual allegations to remedy this deficiency. Plaintiff argues in his opposition that paragraphs 60 and 61 of the Third Amended Complaint detail the improper actions to allege a hostile work environment. (Pl. Br. at 10). Those paragraphs, however, are principally identical to paragraphs 40 and 41 in the First Amended Complaint, and the two conclusory sentences added to those paragraphs in the new pleading do not bear on the issue. Accordingly, Plaintiff's Third Amended Complaint, like his First Amended Complaint, fails to sufficiently allege any hostile work environment claims against the Village Defendants.

### D. Second, Fourth, and Sixth Claims for Relief: Retaliation

Plaintiff adds to his Third Amended Complaint allegations concerning his complaints of discrimination in an effort to remedy the deficiencies highlighted in the Prior Order regarding his retaliation claims. Because the First Amended Complaint was devoid of any incident that could be

7

construed as a complaint of disability discrimination, the Court dismissed his retaliation claims. (Prior Ord. at 25-26). Seizing on that language in the Prior Order, Plaintiff describes in the Third Amended Complaint meeting with an individual named Pat Flynn to lodge a complaint against Defendant Chief of Police Frank Pierri and that he also lodged a complaint with "Chief Quinn." (TAC ¶¶ 55, 58-59). The Village Defendants argue that these new allegations do not sufficiently solve Plaintiff's problem because neither individual identified was affiliated with the Village; indeed, Plaintiff specifically pleads that Pat Flynn was not the Mayor of the Village at the time Plaintiff was disabled or at any time thereafter (*id.* ¶ 34), and that Quinn had retired from his post and was replaced by Pierri (*id.* ¶ 52). Plaintiff, in his opposition, without citing to any case law to support his position, argues that "[t]he Defendants are all involved in their wrongdoing together, one cannot separate." (Pl. Br. at 8).

While Plaintiff's new allegations plug the gap identified in the Prior Order as far as pleading *some* complaint to form the basis of a retaliation claim, they do not plausibly suggest that the alleged retaliator knew that Plaintiff was involved in protected activity. *See Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 234 (2d Cir. 2000) (under both the ADA and NYSHRL, "a plaintiff must establish that (1) the employee was engaged in an activity protected by the ADA, (2) the employer was aware of that activity, (3) an employment action adverse to the plaintiff occurred, and (4) there existed a causal connection between the protected activity and the adverse employment action"). Plaintiff's new allegations of complaints to two non-parties, whom Plaintiff affirmatively pleads were not affiliated with the Village at the time the complaints were lodged, are insufficient to plausibly suggest that the Village Defendants were aware of Plaintiff's purported protected activity.

Plaintiff also adds to the Third Amended Complaint a Sixth Claim for Relief, alleging another NYSHRL retaliation claim. Plaintiff pleads that in retaliation for filing this lawsuit, on April 17, 2020, the Village Defendants "fil[ed] a false report with the [New York Division of Criminal Justice ("NYSCJS")] through the Acadis system . . . [which] stated that Plaintiff was terminated due to 'incompetence or misconduct.'" (TAC ¶¶ 67-70, 153, 156). The Village Defendants argue that reporting the for-cause termination to the NYSCJS was mandated by law, and was therefore not an adverse employment action. (Def. Br. at 14). Although Plaintiff concedes that the Village Defendants had a duty to file a report with NYSCJS, he argues that his certification would not have been revoked but for the description of the termination as one "for cause" which was merely pretextual. (Pl. Br. at 8). Contrary to the Village Defendants' arguments, even if Plaintiff's termination and not the April 2020 reporting is what triggered the revocation of Plaintiff's certification, the issue is the validity of the "for cause" designation in the report which has allegedly left Plaintiff unable to work in law enforcement. The Court cannot determine on these papers[6] that Defendant has established as a matter of law that Plaintiff has not stated a plausible claim for retaliation in connection with the April 2020 reporting of the termination as one "for cause" resulting in the revocation of his certification.

## CONCLUSION

Based on the foregoing, the Village Defendants' motion to dismiss Plaintiff's Third Amended Complaint is GRANTED IN PART, as follows:

Plaintiff's First, Second, Third, and Fourth Claims for Relief—to the extent they allege ADA and NYSHRL claims for failure to accommodate, hostile work environment, and retaliation—are dismissed as against the Village Defendants.

---

[6] The Village Defendants note that discovery would aid in the determination of this issue in their favor. (*See* Reply at 8, n.1).

Plaintiff's First and Second Claims for Relief alleging ADA claims are dismissed as against Mayor Joseph D'Onofrio, Police Chief Kenneth Scott, and James DiSalvo.

Plaintiff's Fifth Claim for Relief alleging a RICO claim is dismissed as against the Village Defendants.

The foregoing claims are dismissed with prejudice as any amendment would be futile, and because Plaintiff has already been given notice and multiple opportunities to cure the deficiencies in his pleading, but has failed to cure them. *See Smith v. Lioidice*, No. 17-CV-07028, 2021 WL 2689064, at *6 (S.D.N.Y. June 30, 2021); *Cox v. City of New Rochelle*, No. 17-CV-8193, 2020 WL 5774910, at *9 (S.D.N.Y. Sept. 28, 2020).

Plaintiff's First Claim for Relief to the extent it alleges disparate treatment disability discrimination under the ADA against the Village, his Third Claim for Relief to the extent it alleges disparate treatment disability discrimination under the NYSHRL against the Village Defendants, and his Sixth Claim for Relief for retaliation under the NYSHRL alleged against the Village Defendants will proceed to discovery.

The Village Defendants shall file an Answer to the Third Amended Complaint by October 8, 2021. The Court will thereafter docket a Notice of Initial Pretrial Conference.

Plaintiff may seek the Court's leave to move for a default judgment against the Town Defendants in accordance with this Court's Individual Practices.

The Clerk of Court is respectfully requested to terminate the pending motion (Doc. 41).

**SO ORDERED:**

Dated: White Plains, New York
September 21, 2021

_____
Philip M. Halpern
United States District Judge